UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Theodore G Apostoleris, II,

               DEBTOR.

                                      /

CHAPTER 13
CASE NO. 12-44655-MBM
JUDGE MARCI B. MCIVOR

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

     **NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

     1.    Debtor's Schedule I indicates that debtor has average monthly net income of $5,416.66. Based on debtor's testimony at the First Meeting of Creditor, debtor does not actually receive that income. Instead, debtor has historically used debtor's solely held corporation, Great Lakes Telecom, Inc, to pay debtor's personal bills personal living expenses. This arrangement leaves it impossible for creditors, the Chapter 13 Trustee or this Court to accurately evaluate debtor's actual income (as, based on debtor's testimony at the First Meeting of Creditors, debtor does not have any "income"). Therefore, it cannot be determined whether debtor's Plan complies with 11 U.S.C. Section 1325.

     2.    The Plan proposes direct payment for the obligation owed to Michigan Commerce Bank. However, the Plan offers no justification for the direct payment of such obligation as required by E.D. Mich. L.B.R. 3070-1. Further, based upon the debtor's testimony at the First Meeting of Creditors, the obligation owing to Michigan Commerce Bank is in arrears. Direct payment to such creditor is therefore not justified under E.D. Mi. L.B.R. 3070-1.

     3.    The Plan proposes direct payment for the obligation owed to Craig and Rebecca Tester. However, the Plan offers no justification for the direct payment of such obligation as required by E.D. Mich. L.B.R. 3070-1. Further, based upon the debtor's testimony at the First Meeting of Creditors, the obligation owing to Craig and Rebecca Tester is in arrears. Direct payment to such creditor is therefore not justified under E.D. Mi. L.B.R. 3070-1.

     4.    Debtor's Chapter 13 Plan proposes to sell real property located at 167 Little Lake Drive, Ann Arbor, Michigan, with the proceeds being used to pay the lien held by Michigan Commerce Bank. However, debtor's Plan fails to commit the balance of the proceeds from that sale for additional funding of debtor's Chapter 13 Plan in violation of 11 U.S.C. Section 1325(b).

     5.    The Plan proposes direct payment for the obligation of debtor's three vehicle financed through Ally Financial. However, the Plan offers no justification for the direct payment of such obligation as required by E.D. Mich. L.B.R. 3070-1. Further, based upon the debtor's testimony at the First Meeting of Creditors, the obligation of debtor's three vehicle financed through Ally Financial is in arrears. Direct payment to such creditor is therefore not justified under E.D. Mi. L.B.R. 3070-1.

6. The Trustee is simultaneously filing objections to the debtor's claimed exemptions. To the extent that such objections are sustained, the debtor's Plan may fail to comply with 11 U.S.C. Section 1325(a)(4).

7. Based on debtor's testimony at the First Meeting of Creditors, less than 90 days prior to the commencement of this case, debtor sold a boat for $88,000.00. Debtor used $48,000.00 of the proceeds to pay off the lien secured by the title to the vessel. However, this payment is not disclosed in debtor's Statement of Financial Affairs, Question No. 3. Further, debtor testified at the First Meeting of Creditors, that the balance of the proceeds, in the sum of $40,000.00, was transferred to debtor's wholly owned business for no value and for which debtor received no consideration. The Liquidation Analysis attached to debtor's Chapter 13 Plan fails to account for the value of the fraudulent transfer of the proceeds paid by debtor to debtor's wholly owned business. Accordingly, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(4).

8. Debtor's Chapter 13 Plan proposes to sell an undescribed motor vehicle and pay JP Morgan Chase Bank which allegedly holds a lien on that vehicle. Debtor's Plan fails to indicate the amount for which the vehicle is to be sold or the amount of the lien owed to JP Morgan Chase Bank. Further, debtor's Plan fails to commit any remaining funds for additional funding of debtor's Chapter 13 Plan. Therefore, debtor's Plan fails to comply with 11 U.S.C. Section 1325. Further, to the extent that debtor's Plan contemplates direct payment of this secured obligation, debtor's Plan fails to comply with 11 U.S.C. Section 1325 and Local Bankruptcy Rule 3070-1.

9. The Plan fails to increase its funding upon the termination of the obligation for debtor's three obligations to Ally Financial secured by debtor's GMC Sierras in contravention of 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

10. Based on debtor's testimony at the First Meeting of Creditors, the land contract between debtor and Craig and Rebecca Tester matures and becomes fully due and payable in approximately one year. Debtor's Plan fails to provide any indication as to how debtor intends to pay this obligation when it balloons in approximately one year. Debtor's failure to fully account for all payments due under the land contract constitutes a violation of 11 U.S.C. Section 365 and 11 U.S.C. Section 1325(a)(1)

**WHEREFORE,** the Chapter 13 Standing Trustee prays this Honorable Court deny confirmation of the debtor's Chapter 13 Plan.

                      OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
                      David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: April 26, 2012         _____/s/ Thomas D. DeCarlo_____
                                     DAVID WM. RUSKIN (P26803)
                                     LISA K. MULLEN (P55478)
                                     THOMAS D. DECARLO (P65330)
                                     1100 Travelers Tower
                                     26555 Evergreen Road
                                     Southfield, MI 48076-4251
                                     Telephone (248) 352-7755

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

Theodore G Apostoleris, II,

                     DEBTOR.

_____/

CHAPTER 13
CASE NO. 12-44655-MBM
JUDGE MARCI B. MCIVOR

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on April 26, 2012, I electronically filed the **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

    GOLD LANGE & MAJOROS PC
    24901 NORTHWESTERN HWY
    SUITE 444
    SOUTHFIELD, MI  48075-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

    Theodore G Apostoleris, II
    167 Little Lake Drive
    Ann Arbor, MI 48103-0000


        _____/s/ Gabrielle Zoldos_____
        Gabrielle Zoldos
        For the Office of the Chapter 13 Standing Trustee-Detroit
        1100 Travelers Tower
        26555 Evergreen Road
        Southfield, MI 48076-4251
        (248) 352-7755